**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS GATELEY, | ) | Civil Action No. 1:24-00117 |
| | ) | |
| Plaintiff, | ) | District Judge Susan Paradise Baxter |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| v. | ) | |
| | ) | ECF No. 62 |
| DANNY HARMON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that Defendant's Motion for Summary Judgment be DENIED.

## II. REPORT

### A. PROCEDURAL BACKGROUND

Dennis Gately ("Plaintiff") initiated this *pro se* prisoner civil rights action on April 29, 2024, relating to events that occurred at the State Correctional Institution at Albion ("SCI-Albion") where he is currently incarcerated. However, due to his failure to provide necessary documentation for purposes of obtaining *in forma pauperis* status, his Complaint was not docketed until October 25, 2024. *See* ECF Nos. 1-10. On December 27, 2024, this Court issued an Order directing Plaintiff to file an amended complaint that complies with the pleading rules of the Federal Rules of Civil Procedure. ECF No. 15. Plaintiff sought, and was granted, an extension of time to file an amended complaint, submitting the amended pleading on February 24, 2025. ECF Nos. 17-18, 20. Plaintiff's Amended Complaint ("AC"), naming Corrections Officer Harmon ("Defendant") as the sole defendant, remains the operative pleading. Defendant

filed an Answer on May 13, 2025, and following a period of discovery, moved for summary judgment. ECF Nos. 26, 27, 62-65. On March 12, 2026, Plaintiff filed his response in opposition thereto. ECF No. 74. Defendant did not file a Reply. The pending summary judgment motion is ripe for consideration.

## B. FACTUAL BACKGROUND

The parties agree that Defendant used force against Plaintiff on April 5, 2023. ECF No. 20; ECF No. 63 ¶¶ 17, 147, 148; ECF No. 64-1 at 3.[1] To place the incident in context, it is necessary to recount the events leading up to it. According to Plaintiff, prior to the use of force incident at issue here, he was complaining to a Sergeant about missing laundry items. ECF No. 64-1 at 43, 56. After refusing to go back to his cell, he was handcuffed and taken into the hallway. *Id*. Notably missing from Plaintiff's recall of this incident is the fact that Plaintiff became aggressive and "attempted to spin with a closed fist" presumably in an attempt to strike an officer. ECF No. 64-4 at 2. Plaintiff was issued a misconduct for this incident, which included a charge for assault, refusing to obey an order, and presence in an unauthorized area. *Id*. Plaintiff later pled guilty to the latter charges but the assault charge was dismissed. *Id*. at 3.[2]

As a result of Plaintiff's aggressive behavior, Plaintiff was placed on the ground and restrained. ECF No. 64-1 at 5. Plaintiff was then brought back up to his feet and escorted to the sally port, where he was placed against the wall before Defendant arrived on scene. *Id*; ECF No.

---

[1] Despite Plaintiff's failure to provide a response to Defendant's concise statement of material facts, as contemplated by Local Rule 56 and as he was directed to do in this Court's briefing order issued in this case, *see* ECF No. 66, recognizing his *pro se* status, the Court will provide a recitation of facts that includes contradictory facts if they are properly supported by the record.

[2] Albeit tangential to the issues presented in his lawsuit, it is worth noting that the record is not entirely clear relative to whether Plaintiff actually physically assaulted an officer. *See* ECF No. 64-1 at 5; ECF No. 74-1 at 6.

64-5, HU D Lobby Video at approx. 01:05. At this point, the parties' accounts diverge. Plaintiff submits that, while handcuffed, he was thrown on the ground. ECF No. 74-1 at 12. Defendant's version of events is, expectedly, different, as he claims that Plaintiff continued to turn his head and yell, despite being repeatedly ordered to stop, prompting Defendant to place him on the floor. ECF No. 63 ¶¶ 15-17; ECF No. 64-1 at 49. An abuse investigation was conducted and Defendant was found to have used improper force in violation of PA DOC Code of Ethics and the DOC's Inmate Abuse policy, DC-ADM 001.[3] ECF No. 64-1 at 54. Plaintiff sustained injuries to his back, neck, chest, and face, the severity of which are disputed. *Id*. at 30.

### C. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S.

[3] The Policy Subject is Inmate Abuse. *See* DC-ADM 001, https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/001%20Inmate%20Abuse.pdf (last visited July 13, 2026).

at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); C*lement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his or her pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion . . . ." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). Put another way, *pro se* status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id*. (quoting *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v. Mazurkiewicz*, No. 11-cv-00584, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

Notwithstanding, when considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney, construe the complaint liberally

and draw fair inferences from what is not alleged as well as from what is alleged. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

**D. <u>DISCUSSION</u>**

The central inquiry in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002) (quoting *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Brooks*, 204 F.3d at 108. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 (1992) (internal quotation marks omitted).[4]

---

[4] In addition to seeking judgment in his favor on the excessive force claim, Defendant also interprets Plaintiff's AC as asserting a separate cruel and unusual punishment claim in violation of the Eighth Amendment predicated on the same events as those giving rise to the excessive force claim. *See* ECF No. 65. While the undersigned does not interpret it the same way, even if Plaintiff was pursuing a separate claim for cruel and unusual punishment

> it is merely duplicative of his use of excessive force claim under the Eighth Amendment as use of excessive force is actually one of the bases for establishing a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Indeed, the same test used to establish excessive force is applied to determine whether the infliction of pain was cruel and unusual. *See, e.g., Whitley*, 475 U.S. at 319 (under the Cruel and Unusual

In determining whether a defendant has used excessive force in violation of the Eighth Amendment, courts look to several factors including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts to temper the severity of the forceful response." *Brooks*, 204 F.3d at 106 (internal quotations and citation omitted). The extent of injuries that an inmate suffers is relevant, but "does not end" this analysis. *Hudson*, 503 U.S. at 7. Consideration of these factors permit a court to make inferences concerning "whether the use of force could plausibly have been thought necessary" or whether the circumstances show "such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. 312, 321 (1986) (citation omitted). Indeed, not "every malevolent touch by a prison guard" violates the Constitution. *Hudson*, 503 U.S. at 9. When a court considers such claims, the reasonableness of a particular use of force often depends upon the relevant factual context and must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Where the events at issue have been captured on videotape, the court must consider the videotaped evidence in determining whether there is any genuine dispute as to material facts.

---

> Punishments Clause, inmates are protected against "unnecessary and wanton infliction of pain.").

*Perez v. Capozza*, No. 2:21-CV-332, 2023 WL 6201601, at *10 (W.D. Pa. Aug. 21, 2023) (Lenihan, M.J.), *report and recommendation adopted*, No. 21CV0332, 2023 WL 6200064 (W.D. Pa. Sept. 22, 2023) (Schwab, D.J.). Thus, to the extent asserted, Plaintiff's independent claim for cruel and unusual punishment against Defendant is adequately addressed through the excessive force analysis.

*See Scott v. Harris*, 550 U.S. 372, 380-81 (2007). The court must view the facts in the light depicted by the videotape. *See id.* (relying on a videotape in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape."). If a review of the videotape "refutes an inmate's claims that excessive force was used against him, and the video evidence does not permit an inference that prison officials acted maliciously and sadistically, summary judgment is entirely appropriate." *Smalls v. Sassaman*, 2019 WL 4194211, at *8 (M.D. Pa. Sep. 4, 2019) (citing *Tindell v. Beard*, 351 Fed. Appx. 591 (3d Cir. 2009)). *See also McCullon v. Saylor*, Civ. A. No. 3:12-CV-445, 2013 WL 1192778, at *14 (M.D. Pa. Mar. 4, 2013) (quoting *Tindell*, 351 F. App'x at 596) (holding that "in assessing [excessive force] claims in a case where an encounter is captured on videotape [the court is] mindful of the fact that when 'videotape refutes [an inmate's] assertion that defendant[s] used excessive force,' or when the 'video shows that [an inmate] did not suffer any physical distress, and a medical report indicates that he had no visible swelling or injuries,' [the court] should conclude 'viewing the evidence in the light most favorable to [the inmate that], no reasonable finder of fact could view the video of the incident and determine that [defendants] acted maliciously and sadistically,' and may enter summary judgment on an excessive force claim.").

Defendant's argument focuses on the fact that the force used in response to Plaintiff's failure to comply with orders was *de minimis*, such that summary judgment is warranted. ECF No. 65 at 4-8. Plaintiff counters that Defendant's conduct was not called for and that video evidence contradicts his version of what transpired. *See* ECF No. 74. Whether an officer's decision to throw a handcuffed prisoner, who was secured against a wall, to the ground because

the prisoner continued turning his head despite verbal orders constitutes a "classic factual dispute to be resolved by the fact finder." *Smith*, 293 F.3d at 650. The video included with Defendant's summary judgment documents does not provide incontrovertible proof that Defendant did not use excessive force against Plaintiff. Rather, the relevant video, which does not contain sound, shows officers holding Plaintiff, who is restrained, against a wall for over a minute before Defendant takes over for one of the officers. ECF No. 64-5, HU D Lobby Video at approx. 01:05. Approximately 20 second after he arrived, Defendant is seen pulling Plaintiff away from the wall and onto the ground. *Id*. at approx. 01:26. Once on the ground, Defendant can be seen moving his hands in a manner that could be viewed as pressing down on Plaintiff's neck, before another officer taps Defendant's shoulder and he walks away. *Id*. at approx. 01:40. Thus, whether Defendant's actions represented a good-faith effort to maintain or restore discipline or constituted excessive force cannot be resolved based on the record because, when viewing all evidence in a light most favorable to Plaintiff – the nonmoving party – a reasonable jury could conclude Defendant used excessive force against him.[5]

Accordingly, it is respectfully recommended that Defendant's motion for summary judgment be denied.

[5] Additionally, and while not controlling on the constitutional issue, the fact that the DOC investigation found Defendant's use of force to be "improper" further supports the existence of a factual dispute. ECF No. 64-1 at 3, 54; ECF No. 65 at 8.

## III. CONCLUSION

For the above reasons, it is respectfully recommended that Defendant's Motion for Summary Judgment be DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 11, 2026

BY THE COURT:

s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

**DENNIS GATELEY**
NL6750
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475